IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

MICHAEL E. FRYZEL,             )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 2399
                               )
                               )
SIDNEY R. MILLER,              )
                               )
          Defendant.           )

                   MEMORANDUM OPINION AND ORDER

     This action, originally assigned at random to the calendar

of this Court's colleague Honorable Charles Kocoras, has properly

been reassigned to this Court's calendar.  This District Court's

LR 40.3(b)(2) applies because the case is the refiling of an

earlier action (10 C 1622) that had involved the same parties and

subject matter[1] and that was remanded to the Circuit Court of

Cook County by this Court's March 15, 2010 memorandum order for

lack of federal subject matter jurisdiction.

     Miller is the named defendant in that state court action

(Circuit Court of Cook County Case No. 05 L 05880) brought by his

former lawyer Fryzel to recover $38,074.43 in allegedly unpaid

---

     [1] In this instance pro se litigant Sidney Miller ("Miller")
has incorrectly captioned the case by labeling himself and a
group of currency exchanges that he apparently owns as plaintiffs
and by naming Michael Fryzel ("Fryzel") as defendant.  Those are
indeed the parties to an action that Miller has just brought in
this District Court (more of this later), but Miller cannot of
course change the identity of the parties to the underlying state
court lawsuit that he seeks to remove as described later in this
opinion.  This opinion has used the correct case caption.

attorney's fees.  In an effort to overcome the obvious amount-in-controversy problem that removal of that action to the federal court would face, Miller points to a different lawsuit (Case No. 11 C 2395, assigned to another of this Court's colleagues, Honorable Sharon Johnson Coleman) that he filed in this District Court on the same April 8, 2011 date that he filed his notice of removal ("Notice")[2] in this case.  In that other case Miller and his group of currency exchanges charge Fryzel with lawyer malpractice, assertedly imposing an obligation to Miller on Fryzel's part in the sum of $62,698.86.

As Miller would have it, the amount in controversy that should be counted for removal purposes is the sum of those two figures, $100,773.59.[3]  That just doesn't cut it.  Even apart from whatever conceptual problems may be created by Miller's labeling the two amounts as "cross-claims" (Notice ¶5) where he has chosen to advance his and the currency exchanges' claim in a separate lawsuit, any possible characterization of the

---

[2] Just as Miller did in his earlier attempt to bring this lawsuit here, he has mistakenly captioned his filing "Petition for Removal."  Apparently he did not read this portion of n.1 in this Court's March 15, 2010 memorandum order:

> That term has been replaced by "Notice of Removal" some years back (see 28 U.S.C. §1446(a))

[3] Notice ¶3 asserts that Miller has denied he is individually liable for the $38,000-plus amount sued upon by Fryzel, with liability if any, as he views it, being the responsibility of the currency exchanges.

2

malpractice action as a potential counterclaim in the currently-removed Fryzel action fares no better.

In that respect, if the malpractice claim were viewed as a permissive counterclaim, the damages sought there cannot legally be tacked on to the damages sought by Fryzel to satisfy the amount in controversy requirement (see 16 Moore's Federal Practice §107.14[2][g][viii](3d ed. 2010)). And if the concept of compulsory counterclaim were sought to be stretched to embrace the malpractice claim, Miller has not explained why he did not assert it in the state court lawsuit (as a compulsory counterclaim would have to be), choosing instead to bring it as a separate federal lawsuit filed in this District Court contemporaneously with the Notice in this case.

Even if the Case No. 11 C 2395 action could somehow be transmuted into a compulsory counterclaim (as just explained, a highly dubious prospect), 16 Moore's, id. at 107-86.6(6) (citations omitted) states the majority position in such situations:

> While there are some good reasons for allowing removal based on a counterclaim that would be compulsory under state law, this approach flies in the face of the well-pleaded complaint rule (see [3][a][iii], below). It is also inconsistent with the policy of construing removal statutes narrowly. Accordingly, most courts do not allow removal based on the value of a compulsory counterclaim.

And given Miller's inexplicable course of conduct that has been described here, there is certainly no reason to adopt the

3

considerably smaller minority view in this respect.

In summary, what this Court said in its brief March 15, 2010 memorandum order the first time around applies with equal force here. Once again "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)). As before, that determination mandates a remand (id.), and this Court so orders (with the Clerk being ordered to mail a certified copy of the remand order forthwith).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 19, 2011